**Charles L. CRAWFORD**

v.

**BOARD OF ELECTIONS FOR the DISTRICT OF COLUMBIA, Respondent.**

**Carl BERGMAN, Petitioner,**

v.

**BOARD OF ELECTIONS FOR the DISTRICT OF COLUMBIA, Respondent.**

Nos. 8711, 8731.

District of Columbia Court of Appeals.

Argued Aug. 19, 1974.

Decided by Order Aug. 21, 1974.

Opinion Filed Sept. 13, 1974.

Charles L. Crawford, pro se, in No. 8711.

John R. Hailman, Washington, D.C., for petitioner in No. 8731.

Leo N. Gorman, Asst. Corp. Counsel, Washington, D.C., with whom C. Francis Murphy, Corp. Counsel, Louis P. Robbins, Principal Asst. Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, Washington, D.C., were on the brief, for respondent.

Before KERN and YEAGLEY, Associate Judges, and PAIR, Associate Judge, Retired.

PER CURIAM:

Petitioners challenge orders entered by the District of Columbia Board of Elections (the Board) rejecting each of their nominating petitions for the office of At-Large Council Member. The Board upon challenge and after a hearing found that the nominating petitions were deficient because a number of the signatures on such petitions were not accompanied by the particular signatory's voter registration number as required by Section 4.4 of the Board's Regulations.

The pertinent portion of the applicable statute, D.C.Code 1973, § 1–1108(p)(1) (Supp. I, 1974), authorizing challenges to petitions, provides:

> *Any qualified elector* [defined elsewhere in the statute as a resident of or domiciliary in the District at least 18 who has not been adjudged incompetent] may . . . challenge the validity of any petition by a written statement duly signed by the challenger and filed with the Board and specifying concisely the alleged defects in such petition. . . . (Emphasis added.)

The statute goes on to provide in subparagraph (2) of the Act that:

> The Board shall receive evidence in support of and in opposition to the challenge and shall determine the validity of the challenged nominating petition. . . .

The record before us contains a notification from the Board's Chairman to petitioners [1] that a challenge had been filed and "is enclosed herewith" (Item #2). The enclosure is a statement over the signature of Norval E. Perkins under date of July 23, 1974, and states in pertinent part:

> I, Norval E. Perkins, Executive Secretary of said Board, do hereby challenge the validity of the nominating petition filed by Carl Bergman
>
> .    .    .    .    .    .

The District of Columbia Election Law as amended, D.C.Code 1973, § 1–1101 et seq. (Supp. I, 1974), does not authorize the Board, its Executive Director or any employee of such Board to challenge, *in their official capacities,* a nominating petition which on its face satisfies the requirements of § 1–1108(i)(1) and which is duly signed and certified by each person circulating the petition and accompanied by the affidavit of the candidate himself as provided in Board Regulation § 2.1.

The Board now urges that Norval E. Perkins is, in addition to being its Executive Secretary, a "qualified elector" within the meaning of the statute and therefore he was empowered in *that* capacity to challenge the nominating petitions of Bergman and Crawford. However, it is quite clear from the record that Perkins presented his challenge not as a "qualified elector" but rather as the Board's Executive Secretary. The statute, as quoted above, has precisely defined the procedure to be followed in challenging a nominating petition and limits the bringing of that challenge to a qualified elector acting as such. Since Perkins did not represent in his challenges that he was a qualified elector, we are of opinion that such challenges to the petitioners' nominating petitions were invalid. *See* Board of Elections for the District of Columbia v. Democratic Central Committee, D.C.App., 300 A.2d 725 (1973).

We note parenthetically that were a challenge to be filed by a member of the Board, the Executive Director, or an employee of such Board, a serious conflict of interest question would be raised since the ensuing case resulting from such challenge would be submitted pursuant to the statute to the Board for hearing and determination. Accordingly, we hold the challenge to petitioners' nominating petitions invalid and reverse the Board's orders rejecting these petitions.

So ordered.

---

1. Although the notification was addressed only to petitioner Bergman it is undisputed that the Board followed the same procedure with respect to petitioner Crawford.